IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01292-BNB

AGAPITO GARZA,

Applicant,

v.

RON WILEY, Warden, Federal Prison Camp – Florence,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 23 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Agapito Garza is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. Garza initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on July 9, 2009, Magistrate Judge Boyd N. Boland directed Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that affirmative defense in this action. On July 29, 2009, Respondent filed a Preliminary Response to Application for Writ of Habeas Corpus. Although he was given an opportunity to file a reply to the preliminary response, Mr. Garza has not done so.

Mr. Garza also has filed on July 28, 2009, a "Notice of Motion for the Recusal of Magistrate Judge Boland and Judge Zita L. Weinshienk and Notice of Opposition to the Assignment to Magistrate Judge Boland and to Judge Zita L. Weinshienk due to Prejudice and Bias" in which he asserts that Magistrate Judge Boland and the Court are

biased against him. Mr. Garza bases this assertion of bias on the fact that the Court has dismissed a number of habeas corpus applications filed by federal prisoners, allegedly without consideration of the facts. The Court will construe the "Notice of Motion for the Recusal . . ." filed on July 28, 2009, liberally as a motion to recuse pursuant to 28 U.S.C. §§ 144 and 455.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. **See Green v. Branson**, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." **Hinman v. Rogers**, 831 F.2d 937, 939 (10th Cir. 1987). Although the Court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. **See Glass v. Pfeffer**, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." **United States v. Burger**, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. **See Liljeberg v. Health Servs. Acquisition Corp.**, 486 U.S. 847, 860 (1988). Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable

person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Garza's allegation that the Court is biased against him simply because the Court has dismissed other habeas corpus actions filed by federal prisoners is not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, the liberally construed motion to recuse will be denied.

The Court must construe the application and other documents filed by Mr. Garza liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Garza first claims that prison officials at the Florence prison camp categorically are denying the review and transfer of eligible inmates to community corrections centers (CCCs) in violation of 18 U.S.C. § 3621(b). According to Mr. Garza, inmates with more than twelve months of their sentences remaining to be served may be placed in a CCC. Mr. Garza alleges that he has sought and been denied consideration for a transfer to a CCC.

3

Mr. Garza also claims that prison officials at the Florence prison camp categorically are denying eligible pre-release inmates more than six months in a residential re-entry center (RRC) in violation of 18 U.S.C. § 3624(c) and 28 C.F.R. §§ 570.20 and 570.21. Mr. Garza describes a "pre-release inmate" as an inmate with twelve months or less of his or her sentence remaining to be served. Mr. Garza contends that federal law allows pre-release inmates to be placed in an RRC for up to twelve months. According to a declaration attached to Respondent's preliminary response, Mr. Garza's projected release date is February 17, 2013, a date that Mr. Garza does not dispute. Nevertheless, Mr. Garza identifies himself in the application as a pre-release inmate and he states that he wants to spend the maximum amount of pre-release time in an RRC.

Mr. Garza finally claims that prison officials at the Florence prison camp categorically are denying graduates of the BOP Residential Drug and Alcohol Program (RDAP) a twelve-month sentence reduction in conjunction with a twelve-month RRC placement in violation of federal law and prison regulations. Mr. Garza asserts that he will not receive this benefit if he decides to attend the RDAP.

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

4

The BOP administrative remedy procedure is available to Mr. Garza. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15.

According to Respondent, Mr. Garza has filed a formal administrative remedy request relevant to his claims in this action but he failed to exhaust administrative remedies because he did not complete the administrative remedy procedure. Mr. Garza concedes in the application that he has not exhausted administrative remedies. However, he argues in the application and an accompanying "Notice of Motion for the Court to Take Judicial Notice . . ." (doc. #4) that this action should not be dismissed for failure to exhaust because exhaustion would be futile. He contends that exhaustion would be futile because the BOP has predetermined the issue. Mr. Garza alleges in support of this contention that no inmate at the Florence prison camp has been granted an RRC placement longer than six months and that prison officials at the Florence prison camp categorically deny inmate requests for transfers to a CCC. Mr. Garza also refers to a BOP memorandum that allegedly limits RRC placements to six months absent unusual or extraordinary circumstances in support of his futility argument.

The exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam).

"However, the futility exception is quite narrow." *Holman v. Booker*, No. 98-3124, 1998 WL 864018 (10th Cir. Dec. 14, 1998). In the instant action, Mr. Garza fails to convince the Court that exhaustion of administrative remedies would be futile.

Mr. Garza's conclusory assertions that Florence prison officials have not granted any inmate at the Florence prison camp an RRC placement longer than six months and categorically deny inmate requests for transfers to a CCC are insufficient to demonstrate exhaustion would be futile. *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005) ("[C]onclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust."). Of course, even if Florence prison officials categorically are denying maximum pre-release RRC placements to eligible inmates and categorically are denying inmate requests for transfers to a CCC, those facts alone would not demonstrate that exhaustion of administrative remedies is futile because the BOP administrative remedy procedure includes two levels of review beyond institution staff.

The BOP memorandum referenced by Mr. Garza also fails to demonstrate that exhaustion would be futile because Mr. Garza states that the memorandum allows for RRC placements that exceed six months in appropriate circumstances. The fact that those circumstances must be deemed unusual or extraordinary in order to warrant a placement greater than six months does not change the fact that RRC placements greater than six months are permitted.

In conclusion, the Court finds that Mr. Garza fails to demonstrate that exhaustion of administrative remedies would be futile or should be excused for some other reason. Nothing in the Court's file indicates that Mr. Garza cannot be considered for a transfer

to a CCC, cannot be considered for pre-release placement in an RRC for up to twelve months, or will not be considered for a sentence reduction in conjunction with a maximum RRC placement if he decides to attend RDAP. Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the "Notice of Motion for the Recusal of Magistrate Judge Boland and Judge Zita L. Weinshienk and Notice of Opposition to the Assignment to Magistrate Judge Boland and to Judge Zita L. Weinshienk due to Prejudice and Bias" filed on July 28, 2009, which the Court has construed as a motion to recuse, is denied. It is

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 22 day of Sept., 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01292-BNB

Agapito Garza
Reg No. 82795-180
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/23/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk